JONES, JUDGE:
This claim was heard by the Court on January 27, 1969, but consideration thereof was withheld pending the decision of the Supreme Court of Appeals of West Virginia in the mandamus proceeding instituted by the City of Morgantown against the Judges of this Court. Pursuant to the opinion in that case, which was filed on June 17, 1969, this Court finds that it does have jurisdiction of this claim.
On August 21, 1968, the claimant drove his ambulance to the West Virginia University Medical Center to remove a body from the morgue area. His eighteen year old son accompanied him and upon arrival, the son entered the University building through a side door for the purpose of raising an electrically operated overhead door which is controlled by “up”, “down” and “stop” buttons. The door raised and the claimant backed his ambulance under it. Then the door reactivated and came down upon the vehicle, damaging the top, siren and bullet lights. The amount of the claim is $399.13, and that figure is uncontested by the respondent.
The claimant was the only witness in support of his claim. His son was not called as a witness. The claimant testified that the overhead door reactivated itself after his son had left the door controls, the door crashing onto the ambulance without any fault on his part; and he contends that the mechanism of the door must have been defective. On the other *34 band, witnesses for the respondent testified that the door was regularly inspected, was in good working order, and that a simulation of the incident showed that the condition of the door after the accident was entirely the result of the collision of the door and the ambulance.
There being no factual showing of negligence on the part of the respondent, the only possible basis for recovery by the claimant would involve the doctrine of res ipsa loquitur. This doctrine has been defined by the Supreme Court of West Virginia in the case of Wright vs. Valan, 130 W. Va. 466, as follows: “The doctrine is that when a person, who is without fault, is injured by an instrumentality at the time within the exclusive control of another person and the injury is such as in the ordinary course of events does not occur if the person who has such control uses due care, the injury is charged to the failure of such other person to exercise due care.”
We do not believe the doctrine of res ipsa loquitur is applicable in this case. At the time of the injury, it cannot be said that the respondent had exclusive control of the instrumentality as none of its agents was in the area and the door was being operated by the claimant’s son. There is no evidence of negligence of the respondent, and there is some evidence of a lack of such negligence as the Superintendent of Maintenance of the Medical Center testified that the door was regularly inspected, and was in good working order. Res ipsa loquitur will not be invoked when the existence of negligence is wholly a matter of conjecture. The circumstances surrounding this claim are speculative, and do not establish any negligent conduct on the part of the respondent. Accordingly, this claim is disallowed.